UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                :
UNITED STATES OF AMERICA,       :
                                                :
                                                :       CASE NO. 1:07-CR-451
            Plaintiff,                      :
                                                :
v.                                             :       OPINION & ORDER
                                                :       [Resolving Doc. Nos. 83 & 84]
RAYMOND MILLER,                   :
                                                :
            Defendant.                   :
                                                :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On September 12, 2013, *pro se* Defendant Raymond Miller filed a motion to reduce his sentence under 18 U.S.C. § 3621(e)(2)(B).[1] The United States opposes this motion.[2] For the reasons below, the Court **DENIES** Miller's motion.

On November 9, 2007, Defendant Miller pled guilty to an indictment charging him with being a felon in possession of a firearm.[3] Based on Defendant Miller's status as an Armed Career Criminal,[4] the Court sentenced Defendant Miller to 110 months incarceration with three years supervised release and ordered him to complete a mandatory substance abuse program.[5]

---

[1] Doc. 83.
[2] Doc. 84.
[3] Doc. 33.
[4] *See* Doc. 71 at 7.
[5] Doc. 61.

-1-

Case No. 1:07-CR-451
Gwin, J.

Now, Defendant Miller moves the Court to reduce his sentence.[6] He says he is eligible for such a reduction under 18 U.S.C. § 3621(e)(2)(B) due to his successful completion of a substance abuse program.[7]

After completing a residential substance abuse treatment program, a federal prisoner convicted of a nonviolent offense may be eligible for a sentence reduction of up to one year.[8] Such reductions are not automatic; rather, the Bureau of Prisons has discretion over whether to reduce a particular prisoner's sentence.[9] Currently, however, Defendant Miller is not a federal prisoner.[10] Rather, he is in Ohio state custody at this time.[11] Even once Defendant Miller is in federal custody, it will be the Bureau of Prisons, not the district court, that has the power to grant the sentence reduction for completion of a residential substance abuse treatment program. Therefore, this Court does not have jurisdiction over this claim.

Even if the Court did have jurisdiction over this claim, it could not alter Defendant Miller's sentence. "[O]nce a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute."[12] Here, no such statutory authorization exists. 18 U.S.C. § 3621 does not grant the Court such authority. Nor is there another statute that provides such authorization. Therefore, the Court is unable to reduce Defendant Miller's sentence as he requests.

---

[6] Doc. 83.
[7] *Id.* at 4.
[8] *See* 18 U.S.C. § 3621(e)(2)(B).
[9] *United States v. Smith*, 474 F/3d 888, 895 (6th Cir. 2007), *abrogated on other grounds by Gall v. United States*, 552 U.S. 38 (2007).
[10] *See* Doc. 83 at 4.
[11] *Id.*
[12] *United States v. Hammond*, 712 F.3d 333, 335 (6th Cir. 2013).

Case No. 1:07-CR-451
Gwin, J.

    Accordingly, the Court **DENIES** Defendant Miller's motion for a sentence reduction.

    IT IS SO ORDERED.


Dated: October 23, 2013            s/ *James S. Gwin*
                                                             JAMES S. GWIN
                                                             UNITED STATES DISTRICT JUDGE