UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

|  |  |
|---|---|
| UNITED STATES OF AMERICA, : | Case No. 1:07-CR-451 |
| : | Case No. 1:16-CV-507 |
| Plaintiff, : |  |
| : |  |
| vs. : | OPINION & ORDER |
| : | [Resolving Doc. No. 87] |
| RAYMOND A. MILLER, : |  |
| : |  |
| Defendant. : |  |
| : |  |

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Petitioner Raymond Miller brings this motion for writ of habeas corpus pursuant to 28 U.S.C. § 2255, arguing he was improperly sentenced under the Armed Career Criminals Act.[1] The Government opposes.[2]

For the following reasons, the Court **DENIES** Miller's motion.

## I. Background

On August 21, 2007, Defendant Raymond Miller was indicted for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).[3] Miller pled guilty and was sentenced under the Armed Career Criminals Act ("ACCA"). Under the ACCA, a defendant faces a fifteen-year mandatory minimum sentence if he is convicted of being a felon in possession of a firearm and has three or more prior convictions for a violent felony or serious drug offense.[4] The parties agree that Miller had had seven prior convictions for aggravated

---

[1] Doc. 87.
[2] Doc. 90. Petitioner Miller replied and submitted supplemental authority. Doc. 93; Doc. 94.
[3] Doc. 1.
[4] 18 U.S.C. § 924(e)(1).

Case No. 1:07-CR-451
Gwin, J.

burglary under Ohio Rev. Code § 2911.11(A)(3) (eff. July 1, 1983) and four prior convictions for second degree burglary under Ohio Rev. Code § 2911.12(A)(2) (eff. July 1, 1996).[5]

The two laws are substantially similar. The 1983 aggravated burglary statute punished entry into an occupied structure that is "the permanent or temporary habitation of any person, in which at the time any person is present or likely to be present."[6] A 1996 change in the law deleted much of this language from aggravated burglary and moved it to second degree burglary.[7] The 1996 second degree burglary statute punished entry into an occupied structure "that is a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present."

The Supreme Court's recent opinion in *Johnson v. United States*[8] has thrown into question whether certain prior felonies can be counted as "violent felonies" for the purposes of the ACCA. The Supreme Court has held that *Johnson* applies retroactively to habeas claims challenging ACCA sentences.[9]

Miller brings this writ of habeas corpus, arguing that he no longer has three violent felony predicate offenses in light of *Johnson*. Miller argues that his sentence under the ACCA was improper.[10] The Government opposes.[11]

---

[5] A sentencing notice from the Government that identified Miller as eligible for ACCA sentencing had also relied on two convictions for escape. Doc. 90 at 1-2. The Court will not address the issue of Ohio's escape statute. First, the PSR relied on the burglary offenses for ACCA sentencing. Second, as described below, Miller has enough predicate convictions for his ACCA sentence regardless of the escape charges.

[6] Doc. 87 at 7.
[7] 1995 Ohio Laws File 50 (S.B.2).
[8] __ U.S. __, 135 S.Ct. 2551 (2015).
[9] *Welch v. United States*, __ U.S. __, 136 S.Ct. 1257 (2016).
[10] Doc. 87.
[11] Doc. 90.

Case No. 1:07-CR-451
Gwin, J.

## II. Legal Standard

Title 28 United States Code Section 2255 gives a federal prisoner post-conviction means of collaterally attacking a conviction or sentence that he alleges violates federal law. Section 2255 provides four grounds upon which a federal prisoner may challenge his conviction or sentence:

> 1) That the sentence was imposed in violation of the Constitution or laws of the United States;
> 2) That the court was without jurisdiction to impose such sentence;
> 3) That the sentence exceeded the maximum authorized by law; or
> 4) That the sentence is otherwise subject to collateral attack.[12]

To prevail on a § 2255 motion alleging a constitutional error, the movant "must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings."[13]

Miller alleges that he no longer has three predicate convictions to underpin his sentence under the ACCA, and that his sentence is thereby unconstitutional.

Under the ACCA, a defendant faces a fifteen-year mandatory minimum sentence if he is charged as a felon in possession of a firearm and has three or more convictions for (1) a serious drug offense, or (2) a violent felony.[14]

Until recently, the Armed Career Criminals Act defined "violent felony" as

> any crime punishable by imprisonment for a term exceeding one year . . . that—
>
> > (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> >
> > (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of*

---

[12] 28 U.S.C. § 2255(a).
[13] *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)).
[14] 18 U.S.C. § 924(e)(1).

-3-

Case No. 1:07-CR-451
Gwin, J.

> *physical injury to another.*[15]

The first prong is called the use-of-force clause. The first part of the second prong is called the enumerated-offenses clause. And the second part of the second prong, emphasized above, is called the residual clause.

On June 26, 2015, the Supreme Court gave an opinion in *Johnson v. United States*, holding that the residual clause was unconstitutionally vague.[16] The residual clause "denie[d] fair notice to defendants and invite[d] arbitrary enforcement by judges."[17] If a court imposed an increased sentence based on felonies that qualified under the residual clause alone, that sentence violated a criminal defendant's constitutional right to due process.[18] Moreover, the Supreme Court's conclusion is retroactive. A criminal defendant can collaterally challenge his sentence under the ACCA in a § 2255 habeas proceeding.[19]

In light of *Johnson*, this Court — and federal courts all over the country — are being asked to analyze whether previous residual clause predicate convictions are still predicate offenses under either the use-of-force clause or the enumerated offenses clause.

In this case, the question is whether Ohio's 1986 aggravated burglary statute and Ohio's 1996 second degree burglary statute are still predicate offenses.

---

[15] 18 U.S.C. § 924(e)(2)(B) (emphasis added).
[16] __ U.S. __, 135 S. Ct. 2551 (2015).
[17] *Id.* at 2557.
[18] *Id.*
[19] *Welch v. United States*, __ U.S. __, 136 S. Ct. 1257 (2016).

Case No. 1:07-CR-451
Gwin, J.

### III. Analysis

The Government agrees that the burglary statutes at issue do not necessarily involve the use of physical force. Instead, Ohio's burglary statutes must fall under the enumerated offense prong to remain a predicate offense.

This might appear to be a simple proposition at first glance. A prior conviction qualifies as an ACCA predicate offense under the enumerated clause if it is "burglary, arson or extortion, [or] involves use of explosives."[20] As a burglary statute, shouldn't aggravated burglary and second-degree burglary fit? Not necessarily. The question is more complicated.

The Supreme Court has instructed that a statute's name should not control whether a conviction is a predicate offense under the enumerated clause. Instead, this Court "compare[s] the elements of the statute forming the basis of the defendant's conviction with the elements of the 'generic' crime — i.e., the offense as commonly understood."[21] "The prior conviction qualifies as an ACCA predicate only if the statute's elements are the same as, or narrower than, those of the generic offense."[22] In other words, if Ohio's burglary statute punishes conduct beyond what is covered by generic burglary, then it cannot be a predicate enumerated offense.

---

[20] 18 U.S.C. § 924(e)(2)(B)(i).
[21] *Descamps*, 133 S.Ct. at 2281. On June 23, 2016, the Supreme Court issued a decision in *Mathis v. United States*. __ U.S. ___, __ S.Ct. __, 2016 WL 3434400 (June 23, 2016). *Mathis* further underscored *Descamps*' holding. The relevant inquiry is the categorical scope of the statute under which Petitioner Miller was sentenced, not the particular facts of his conviction. The parties do not dispute that both the versions of §§ 2911.11(A) and 2911.12(A) in effect at the time of Miller's convictions were divisible. As the Supreme Court has instructed, this Court thus discusses the categorical nature of § 2911.11(A)(3) aggravated burglary and § 2911.12(A)(2) second-degree burglary, not the underlying facts of Miller's convictions.
The Government tries to argue that Miller's burglary convictions are predicates because *facts* from the indictment show that Miller burglarized a habitation. Doc. 90 at 17-20. This is the incorrect approach. As described below, the burglary statutes at issue are predicate offenses because they *categorically* require burglary of a habitation where a person is likely to be present.
[22] *Descamps*, 133 S.Ct. at 2281.

Case No. 1:07-CR-451
Gwin, J.

Each of Miller's burglary convictions was under a burglary statute that punished entry into places used for habitation where a person was likely to be present.[23] The Court therefore considers whether the Supreme Court's generic burglary encompasses this type of burglary.

The leading case on the definition of generic burglary is *Taylor v. United States*.[24] In *Taylor*, the Supreme Court considered what types of state burglary offenses were predicates under the ACCA's enumerated offenses clause. The Court began with a review of traditional common-law burglary, noting that at its core, burglary punished breaking and entering of "a dwelling" with intent to commit a felony inside.[25] In *Taylor*, the defendant-petitioner argued that ACCA burglary should be limited to such "narrow[]" and aggravated circumstances as entering an "occupied" building.[26] However, the Court rejected these arguments, and determined that Congress intended a "broader" generic definition of burglary in the ACCA's enumerated offenses clause that included both "ordinary burglaries" as well as such "especially dangerous" burglaries.[27]

Ultimately, the Court concluded that the generic crime of burglary has "the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime."[28]

Despite the Court's initial focus on whether the location burglarized was occupied or inhabited, post-*Taylor* jurisprudence has largely focused on whether a statute punishes burglaries of places that are not "buildings or other structures." Federal Courts have parsed *Taylor* and its progeny to conclude that if a place such as a tent or vehicle is punished under a burglary statute,

---

[23] Doc. 87 at 7.
[24] 495 U.S. 575, 599 (1990).
[25] *Id.* at 592.
[26] *Id.* at 596.
[27] *Id.* at 597
[28] *Id.* at 599.

-6-

Case No. 1:07-CR-451
Gwin, J.

the statute cannot be a predicate offense under the ACCA.[29] But even the Supreme Court's most recent discussion of its generic burglary definition has not addressed whether a burglary definition which punishes entry into *occupied* locations fits within generic burglary — regardless of whether the location is a building or a vehicle. The most natural reading of *Taylor* is that it does.

The Supreme Court's generic definition of burglary was intended to be broader than traditional definitions that punished entering a dwelling or a place that was occupied. The Supreme Court intended for the ACCA to punish the "'generic' crime — i.e. the offense as commonly understood."[30] It would be nonsensical to conclude that the most traditional and well-understood form of burglary — entry into an occupied location with the intent to commit a crime inside — was now excluded merely because the occupied location was not a building. Indeed, in *Taylor*, the Supreme Court repeatedly pointed out Congress's intent to punish repeat burglary offenders because of burglary's "inherent potential for harm to persons," when a dwelling was invaded.[31] The Court's use of "building or other structure" does not exclude burglary of a dwelling or occupied location from the generic definition.[32]

Miller's first seven convictions were under the Ohio aggravated burglary subsection that punishes "trespass in an occupied structure, as defined in section 2909.01 of the Revised Code . . . with purpose to commit therein any theft offense, when . . . the occupied structure involved is

---

[29] *See, e.g.*, Mathis, __ U.S. __, __ S.Ct. __, 2016 WL 3434400 (June 23, 2016).
[30] Descamps, 133 S.Ct. at 2281.
[31] Taylor, 495 U.S. at 588; *see also id.* at 586-88, 597.
[32] It is worth noting an overlap in language. The United States Sentencing Guidelines include career offender enhancements based on the predicate offense of "burglary of a dwelling." U.S.S.G. § 4B1.2. Only the Armed Career Criminals Act is before this Court at this time. Use of the term dwelling here is not intended to implicate the Guidelines' enumerated offense clause.

-7-

Case No. 1:07-CR-451
Gwin, J.

the permanent or temporary habitation of any person, in which at the time any person is present

or likely to be present."[33]

The Ohio Revised Code defines "occupied structure" as follows:

[A]n 'occupied structure' is any house, building, outbuilding, watercraft, aircraft, railroad car, truck, trailer, tent, or other structure, vehicle, or shelter, or any portion thereof, to which any of the following applies:

> (A) Which is maintained as a permanent or temporary dwelling, even though it is temporarily unoccupied, and whether or not any person is actually present;
>
> (B) Which at the time is occupied as the permanent or temporary habitation of any person, whether or not any person is actually present;
>
> (C) Which at the time is specially adapted for the overnight accommodation of any person, whether or not any person is actually present;
>
> (D) In which at the time any person is present or likely to be present.[34]

Miller argues that because "occupied structure" includes places such as tents or vehicles, Ohio's aggravated burglary charge is broader than generic burglary. The Sixth Circuit has found that Miller's argument holds water where the "occupied structure" definition is used in Ohio's *general* burglary statute without reference to habitation or the likelihood of a person being in the structure.[35]

But Ohio's *aggravated* burglary conviction requires that the occupied structure is the "permanent or temporary habitation of any person, in which at the time any person is present or

---

[33] Doc. 53 at 13 (citing Ohio Rev. Code § 2911.11(A) (1983)).
[34] *Id.* (citing Ohio Rev. Code § 2909.01 (1983)).
[35] *United States v. Coleman*, 655 F.3d 480, 482 (2011) ("Under Ohio law, an 'occupied structure' includes any 'house, building, outbuilding, watercraft, aircraft, railroad car, truck, trailer, tent, or other structure, vehicle, or shelter.' O.R.C. § 2909.01(C). Thus, Ohio's third-degree burglary statute sweeps more broadly than generic burglary because it 'includ[es] places, such as automobiles and vending machines, other than buildings.'")

-8-

Case No. 1:07-CR-451
Gwin, J.

likely to be present."[36] The Government argues that with the addition of these habitation elements, aggravated burglary falls within the generic definition of burglary. This Court agrees. The Supreme Court's efforts to provide a broader generic definition — even if couched in the language of "buildings and other structures" — still include these core burglaries of occupied locations.

Miller submitted supplemental briefing, arguing that the Supreme Court's recent decision in *Mathis* alters the analysis of Ohio's aggravated burglary statute. The briefing argues that because "habitation" is not defined in Ohio's penal code, using the term in the aggravated burglary definition "does not narrow the overly broad definition of occupied structure."[37] For example, the briefing continues, "a person may use a watercraft or a tent as a temporary habitation — satisfying the element of Ohio Rev. Code § 2911.11(A)(3) . . . . However, under those circumstances, the conviction could not qualify as a generic burglary because the place being burgled is not a building or a structure."[38]

This argument misses the point. Based on *Taylor*'s description of traditional burglary, the location's use as a temporary or permanent habitation where a person is likely to be present brings a burglary into the generic definition, regardless of the structure being burglarized.

It is correct that the aggravated burglary statute's habitation language tracks the language found in subsection (B) and (D) of the "occupied structure" definition. As a result, some might argue that the Sixth Circuit has already concluded that habitation or the presence of the person does not make "occupied structure" narrower than generic burglary.

---

[36] Ohio Rev. Code § 2911.11(A) (1983).
[37] Doc. 94.
[38] *Id.*

Case No. 1:07-CR-451
Gwin, J.

But Subsection (A)(3) aggravated burglary requires that the location be the "permanent or temporary habitation of any person" *and* that "at the time any person is present or likely to be present."[39] The Ohio Supreme Court has held that this conjunctive requirement is a separate element from the disjunctive descriptions in subsection (B) and (D) of the occupied structure definition.[40] In other words, because the location must be a habitation *and* a person must be likely to be present, there is a distinct element that separates aggravated burglary from non-aggravated burglary. As a result, the Sixth Circuit's holding that "occupied structure" makes non-aggravated burglary broader than generic burglary does not dictate the holding in this case.

Burglary of any location that is "the permanent or temporary habitation of any person, in which at the time any person is present or likely to be present" fits within the Supreme Court's definition of generic burglary. Miller's seven convictions under Section (A)(3) of the 1983 aggravated burglary statute are properly classified as predicate offenses under the ACCA.

In addition, Miller's four convictions for the 1996 second degree burglary are also predicates. The two statutes contain the identical requirement that the occupied structure be "the permanent or temporary habitation of any person" and that another person "is present or likely to be present."[41] The same reasoning that applies to 1983's (A)(3) aggravated burglary applies to 1996's (A)(2) second-degree burglary after the habitation and presence elements were moved.

Miller's eleven predicate convictions are sufficient to support his ACCA sentence, which requires only three predicate offenses.

---

[39] Ohio Rev. Code § 2911.11(A) (1983).
[40] *State v. Wilson*, 388 N.E.2d 745, 749-50 (Ohio 1979).
[41] Doc. 87 at 7 (comparing language). A substantially identical version of "occupied structure" was in effect throughout the time of Miller's convictions. Doc. 90 at 16.

Case No. 1:07-CR-451
Gwin, J.

### IV. Conclusion

For the reasons stated in this opinion, this Court **DENIES** Miller's petition. This Court certifies that Miller could, in good faith, take an appeal on the question of whether Ohio's burglary statutes are predicate offenses under the ACCA.

IT IS SO ORDERED.

Dated: July 22, 2016            *s/ James S. Gwin*
                                                    JAMES S. GWIN
                                                    UNITED STATES DISTRICT JUDGE